IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MYPORT, INC.<br><br>                Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                Defendants. | Civil Action No. 2:22-cv-114-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO AMEND ANSWER
TO ADD AFFIRMATIVE DEFENSE OF LICENSE**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................................1
BACKGROUND .................................................................................................................................1
APPLICABLE LAW ...........................................................................................................................5
ARGUMENT........................................................................................................................................6
I.   GOOD CAUSE EXISTS FOR AMENDING THE ANSWER BASED ON NEW
     INFORMATION......................................................................................................................6
     A.   Defendants' Have Acted Expeditiously..................................................................6
     B.   Amendment is Highly Important to the Dispute......................................................7
     C.   No Potential Unfair Prejudice Will Result from the Amendment ..........................7
     D.   No Continuance of Any Deadline is Necessary.......................................................7
II.  THE COURT SHOULD GRANT DEFENDANTS' MOTION BECAUSE
     ALLOWING AMENDMENT WOULD SERVE THE INTERESTS OF JUSTICE..........8
CONCLUSION...................................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*,
816 F.3d 315 (5th Cir. 2016) ...........................................................................................................5

*Carborundum v. Molten Metal Equip. Innovations*,
72 F.3d 872 (Fed. Cir. 1995) ........................................................................................................5, 6

*Ciena Corp. v. Nortel Networks, Inc.*,
233 F.R.D. 493 (E.D. Tex. 2006) .....................................................................................................5

*Fin. Acquisition Partners LP v. Blackwell*,
440 F.3d 278 (5th Cir. 2006) ...........................................................................................................8

*Fireblok IP Holdings, LLC v. Hilti, Inc.*,
No. 2:19-cv-00023-RWS-RSP, 2020 U.S. Dist. LEXIS 34477 (E.D. Tex. Feb.
27, 2020) ..........................................................................................................................................6

*Foman v. Davis*,
371 U.S. 178 (1962) ........................................................................................................................5

*Mayeaux v. La. Health Serv. & Indem. Co.*,
376 F.3d 420 (5th Cir. 2004) ...........................................................................................................8

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*,
315 F.3d 533 (5th Cir. 2003) ...........................................................................................................5

*Script Sec. Sols., LLC v. Amazon.Com, Inc.*,
No. 2:15-CV-1030-WCB ................................................................................................................5

*SimpleAir, Inc. v. AWS Convergence Technologies*,
2:09–CV–289, 2012 U.S. Dist. LEXIS 205157 (E.D. Tex. Jan. 31, 2012) ...................................8, 9

*Wang Labs. v. Mitsubishi Elecs.*,
103 F.3d 1571 (Fed. Cir. 1997) .......................................................................................................6

**Statutes**

35 U.S.C. § 154 (1988) .....................................................................................................................5

35 U.S.C. § 287 .................................................................................................................................3

ACTIVE 690055830v2


**Other Authorities**

Fed. R. Civ. P. 15(a)(2) ........................................................................................................5

Fed. R. Civ. P. Rule 16(b)(4) ...............................................................................................5

Federal Rules of Civil Procedure Rules 15(a) and 16(b)(4) ...........................................1, 5

Rule 3-1(b) ...........................................................................................................................1

Rule 15(a) .............................................................................................................................8

Rule 16(a)(4) ........................................................................................................................8

## INTRODUCTION

Pursuant to Rules 15(a) and 16(b)(4) of the Federal Rules of Civil Procedure, Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") respectfully move this Court for leave to amend their Answer and Affirmative Defenses to assert an affirmative defense of license against Plaintiff MyPort, Inc. ("MyPort"). MyPort does not oppose the motion.

## BACKGROUND

MyPort has accused certain Samsung phones and tablets of infringement of the three patents-in-suit based on their incorporation of a microphone, a camera, photo management software, and the ability to tag digital images using both image recognition and speech-to-text conversion. Google supplies the Android Operating System, which runs on all accused products and, per MyPort's infringement contentions, is alleged to play a role in voice recognition. The accused products also come preinstalled with Samsung and Google software and end users may install additional software from both companies.

In its supplemental Rule 3-1(b) disclosures (served April 28, 2023) and amended infringement disclosures (served June 16, 2023), MyPort focused on a subset of Samsung's Android phones and tablets based on their incorporation of Samsung's Gallery photo management software and several applications that allegedly allow a user to dictate voice into text, including Samsung's Voice Input, Bixby S Voice, and so-called "Honey Voice" applications, as well as Google Input Method Editors (IME) and NTT Docomo Voice Editor. In a July 26, 2023 letter and in discovery requests served August 8, 2023, MyPort suggested it sought to expand its infringement allegations to encompass Samsung Android phones and tablets based on their

1

additional ability to use Google Photos and Google Voice Typing, which are software applications ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[1]

In November 2022, at the outset of discovery, SEC served its Interrogatory No. 1, which required MyPort to identify "all agreements related to the Patents-in-Suit and any related patents. . . including but not limited to all assignments and license agreements related to same." In its February 14, 2023 Supplemental Response to that interrogatory, MyPort identified the production numbers for a ▇▇▇▇▇▇ patent license agreement that ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇, a supplier of Android products, which conveyed ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. This license expressly covers customers and users and extends to all of the Patents-in-Suit.

On July 17, 2023, after the May 30, 2023 deadline under the Docket Control Order for amending without leave had passed (Dkt. 26), MyPort produced documentation revealing that ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, a third-party acquiror of ▇▇▇▇▇. Paul J. Skiermont, "Counsel for MyPort" acknowledged the assignment in a letter dated April 15, 2015. Although the assignment and correspondence are called for by Interrogatory No. 1, MyPort did not produce them until then.

To the extent MyPort's infringement theories rely on the use of licensed Google software in the accused products, whether it is Android-facilitated voice recognition functionality or the additional functionality provided by Google Photos or Google Voice Typing, MyPort is barred by the license it granted to ▇▇▇▇▇ and by the assignment thereof to ▇▇▇▇▇ and its customers and

---

[1] Samsung disagrees that this additional functionality is properly the subject of MyPort's contentions.

users. The assigned license expressly covers the three Patents-in-Suit and provides to ███████ ████████████████████████████████████████████████████████████████████████████" to those patents and others. The license includes the right to "████████████████████████████ ████████████████████████████████████████████████████████████████████████████████." And it extends to "████████████████████████████████████████████████████████ ████████████████████████████████████████." ████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ███████████████. ████████████████████████████████████████████████████████████████ ███████████████████████████████████████████ that ████████ provides to Samsung fall squarely within the express terms of the license and are off limits for infringement.

Regardless of the extent to which MyPort seeks or is permitted to rely on Google functionality to prove its infringement case, the issues presented by the ████████████ figure prominently here. The license not only potentially bars MyPort's infringement contentions, but also impacts Samsung's limitations of damages defense arising under 35 U.S.C. § 287. MyPort has asserted that it "has, to the extent required, complied with the marking statute." Dkt. 1, ¶ 28. But ████████'s own Android products, first introduced in 2016 and known as the ████████, have photo management software, the ability to convert speech to text, add tags to images, and use image recognition. They would thus infringe in the same manner that the Accused Products allegedly infringe. Those products have been sold under the license and MyPort has not offered any evidence that they were marked. Unless MyPort proves otherwise, this will bar pre-suit damages on two of the three patents-in-suit. In addition, the very existence of this low cost license bears directly on damages as the ability to use Google image and voice-tagging functionality

3

exclusively is a design-around—albeit one not needed where the patents are expiring and infringement is not present. In any event, the incremental value that a hypothetical licensee in Samsung's position might willingly pay to use Samsung's own proprietary versions of these functionalities would necessarily be trivial given the existence of the royalty-free Google alternatives.

In light of MyPort's unexplained failure to produce the ▮▮▮▮▮▮▮▮▮▮ until after the May 30, 2023 deadline under the Docket Control Order for amending without leave had passed, Samsung should be granted leave to amend now, particularly as MyPort does not object. Samsung's discovery requests called for information concerning the assignment and Samsung had no way to know independently of the assignment without the documentation MyPort recently produced. Indeed, since learning of the assignment shortly after MyPort produced the letters discussing it, Samsung has acted diligently, supplementing its response to MyPort's Interrogatory No. 12 to detail the basis for an affirmative defense of license and initiating and pushing forward the meet and confer process with MyPort including sharing the draft Answer submitted herewith. Ultimately, these efforts to meet and confer were successful, as MyPort informed Samsung on August 31, 2023 that it would not object to the amendment to add an affirmative defense of license.

Given the new revelations and the increasing centrality of Google functionality to MyPort's shifting infringement case, allowing Defendants to amend their Answer and Affirmative Defenses to assert a license defense will serve the interests of justice. Defendants' license defense will allow them to cabin MyPort's infringement allegations to unlicensed aspects of the accused products and to pursue marking and other damages-related avenues of inquiry in the same way it might have had MyPort produced the assignment before this Court's deadline to amend the pleadings without leave had passed. Significantly, no reason exists why this amendment would delay any of the other

4

deadlines set by the Court or otherwise result in any undue prejudice.  Accordingly, the Court should grant Defendants' motion to amend.

## APPLICABLE LAW

A motion to amend in the present case is governed by Rules 15(a) and 16(b)(4) of the Federal Rules of Civil Procedure. Under Rule 16(b)(4), Fed. R. Civ. P., a motion to amend pleading after the deadline may be granted upon showing of good cause. Leave of court is to be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Script Sec. Sols., LLC v. Amazon.Com, Inc.*, No. 2:15-CV-1030-WCB LEAD CASE, at *4 (E.D. Tex. Oct. 11, 2016).  In determining whether good cause exists, courts consider: (1) the explanation for the party's failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)); *Ciena Corp. v. Nortel Networks, Inc.*, 233 F.R.D. 493, 494 (E.D. Tex. 2006).

Upon a finding of good cause, Fed. R. Civ. P. 15(a)(2) declares that leave to amend "shall be freely given when justice so requires" in the absence of any apparent or declared reason—such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As explained below, all of these factors weigh in favor of allowing Defendants to amend their Answer in this case.

"A patent grants its owner the right to exclude others from making, using, or selling the patented invention. 35 U.S.C. § 154 (1988). However, all or part of the right to exclude may be waived by granting a license, which may be express or implied." *Carborundum v. Molten Metal*

*Equip. Innovations*, 72 F.3d 872, 878 (Fed. Cir. 1995) A license is a defense to patent infringement. *Id.*; *see Wang Labs. v. Mitsubishi Elecs.*, 103 F.3d 1571, 1580 (Fed. Cir. 1997) ("Any language used by the owner of the patent, or any conduct on his part exhibited to another from which that other may properly infer that the owner consents to his use of the patent in making or using it, or selling it, upon which the other acts, constitutes a license and a defense to an action for a tort."); *see also Fireblok IP Holdings, LLC v. Hilti, Inc.*, No. 2:19-cv-00023-RWS-RSP, 2020 U.S. Dist. LEXIS 34477, at *4 (E.D. Tex. Feb. 27, 2020) ("A patentee may not seek damages for another's use or sale of a licensed product.")

## ARGUMENT

**I. GOOD CAUSE EXISTS FOR AMENDING THE ANSWER BASED ON NEW INFORMATION**

**A. Defendants' Have Acted Expeditiously**

Good cause exists to permit Defendants to amend their Answer to assert an affirmative defense of license because of Plaintiff's inexplicable failure to produce the assignment of the ▮▮▮▮▮▮▮▮▮▮▮ until July 17, after the May 30, 2023 deadline to amend pleadings without leave of Court had passed. (Dkt. 26) Defendants should not be found at fault for seeking to amend their Answer after the deadline when there is no reason to believe they could have done so earlier.

After learning of the assignment shortly after it was produced by Plaintiff, Defendants diligently investigated the issues it presented. On August 4, 2023, Samsung served its Seventh Supplemental Responses to Plaintiff's First Set of Interrogatories (Nos. 1-15), supplementing Samsung's response to MyPort's Interrogatory No. 12, which seeks a description of the legal and factual basis for Samsung's affirmative defenses. In that supplemental response, Samsung set forth

in detail the basis for this affirmative defense, laying out how the license extends to ▮ products and services and how that license bears directly on MyPort's infringement contentions. On August 7, 2023, Defendants wrote to MyPort to inform it that Samsung intended to seek leave to amend its answer to add an affirmative defense of license, further explaining the basis for the defense and asking to meet and confer. On August 14, 2023, MyPort responded stating that neither Samsung's letter nor its recent supplemental interrogatory response sufficiently explained the basis for the license defense for MyPort to evaluate them properly. On August 21, 2023, counsel for Samsung responded, providing further detail. On August 27, 2023, Samsung provided Counsel for MyPort with a copy of the amended pleading for which Samsung seeks leave to file. On August 31, 2023, the parties met and conferred by telephone. On the call, MyPort informed Samsung that it would not oppose the requested amendment.

### B. Amendment is Highly Important to the Dispute

The second factor also should weigh in favor of Defendants. Amendment is important because Defendants' license defense will potentially immunize Defendants from infringement liability and will likely have a significant impact on available damages theories. Because it bears directly on the merits of MyPort's infringement claims, this factor weighs in favor of Defendants.

### C. No Potential Unfair Prejudice Will Result from the Amendment

Unfair prejudice and surprise are not an issue here given that MyPort was aware of the license and assignment and does not oppose amendment.

### D. No Continuance of Any Deadline is Necessary

Grant of the requested leave will not impact the Docket Control Order. Discovery is ongoing, trial is scheduled to begin in February 2024, and Defendants are not requesting any delay of the deadlines ordered by the Court. No reason exists to believe the amendment will unduly

7

interfere with the parties' preparation for the trial. Therefore, the fourth factor also weighs in favor of amendment.

Accordingly, good cause exists under Rule 16(a)(4) in this case for allowing Defendants to amend. As discussed below, the amendment also serves the interests of justice under Rule 15(a) and should be allowed.

## II. THE COURT SHOULD GRANT DEFENDANTS' MOTION BECAUSE ALLOWING AMENDMENT WOULD SERVE THE INTERESTS OF JUSTICE

The Court should allow Defendants to amend the Answer and Affirmative Defenses to assert an affirmative defense of license based on the newly produced assignment of the MyPort- because: (1) allowing the amendment will serve the interests of justice; (2) nothing in the record supports a finding of bad faith, dilatory motive, or undue delay on the part of Defendants; (3) no undue prejudice will result from the proposed amendment; and (4) the proposed amendment does not raise a futile defense.  None of the aforementioned conditions exist here.

***First, allowing amendment will serve the interests of justice by allowing Defendants to pursue relief based on new information that MyPort inexplicably withheld.***  As the Fifth Circuit has explained, there is a well-established "presumption in favor of granting leave" to amend under Rule 15(a). *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) ("Under Federal Rule of Civil Procedure 15(a), the district courts must entertain a presumption in favor of granting parties leave to amend."). The interests of justice particularly favor granting leave in cases where the movant seeks to amend a pleading based on new and pertinent information gleaned during discovery. *See SimpleAir, Inc. v. AWS Convergence Technologies*, 2:09–CV–289, 2012 U.S. Dist. LEXIS 205157, at *10-11 (E.D. Tex. Jan. 31, 2012).

8

Courts, for example, have granted leave to amend where the movant has uncovered new evidence through discovery and acted on that information without undue delay. For instance, the court granted a motion to amend an answer to add the affirmative defense of license about six weeks after the deadline to amend pleadings when the issue was raised before the close of discovery. *See SimpleAir*, at *10, *12-15. This is precisely what has happened here. And, on top of Samsung's diligence, MyPort cannot claim surprise because it—and its counsel—have been in possession of this information all along, even writing ▮▮▮▮▮▮ to confirm the ▮▮▮▮▮▮▮▮▮▮▮▮.

The proposed Amended Answer sets forth information garnered from Plaintiff's July 17, 2023 document production, including new information related to the assignment of license under the Patents-in-Suit. Allowing amendment to add a new affirmative defense will ensure the interests of justice served by allowing Defendants to pursue relief based on information learned in discovery.

***Second, nothing in the record supports a finding of bad faith, dilatory motive, or undue delay on the part of Defendants.*** As explained above in Section I, Defendants have promptly moved to amend their Answer and the motion is therefore timely. MyPort and its counsel, in contrast, knew about the ▮▮▮▮▮▮▮▮▮▮▮▮, knew that outstanding discovery requests called for its production, and knew that the presence of Google functionality in the Accused Products has been involved in, and has played an increasing role in MyPort's infringement allegations while MyPort was failing to disclose the assignment to Samsung.

***Third, no undue prejudice would result from allowing the amendment.*** As explained above in Section I, there is no potential prejudice to the Plaintiff from allowing the amendment because it has known about the underlying facts since well before the suit was filed.

9

*Fourth, and finally, Defendants' license defense is not futile.* Defendants' proposed affirmative defense of license is not futile. No dispute exists that MyPort IP broadly licensed ▇ ▇, its assignees, and that license extended to their customers and users. So, too, no dispute exists that ▇ ▇ which in turn is authorized to sell the Android functionalities and associated software including Google Photos and Google Voice Typing that MyPort has suggested is at the heart of its infringement case, namely the tagging of photos through image recognition and speech-to-text conversion. There is no limitation in the broad license that restricts it only to products that fully embody one or more claims of the licensed patents. Instead, the agreement is a broad promise to ▇, that their products would not be implicated in allegations of infringement—whether made against those entities, or their customers and users. Defendants' affirmative defense of license thus has merit and is certainly not futile. To the extent MyPort relies on Google products and services to meet its burden of providing infringement, it is barred by license from so doing.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for leave to amend.

Dated: September 7, 2023                    Respectfully Submitted

By: */s/ Melissa R. Smith*
Melissa Richards Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

10

        Richard A. Edlin
        Thomas D. Pease
        **GREENBERG TRAURIG, LLP**
        One Vanderbilt Avenue, NY 10017
        Telephone: (212) 801-9200
        Facsimile: (212) 801-6400
        Email: edlinr@gtlaw.com
        Email: thomas.pease@gtlaw.com

        Andrew Sommer
        **GREENBERG TRAURIG, LLP**
        1750 Tysons Boulevard, Suite 1000
        McLean, VA 22102
        Telephone: (703) 749-1300
        Facsimile: (703) 749-1301
        Email: sommera@gtlaw.com

        Cyrus T. Frelinghuysen
        Jenna Kuh
        **GREENBERG TRAURIG, LLP**
        2101 L Street N.W. Suite 1000
        Washington, DC 20037
        Telephone: (202) 331-3100
        Facsimile: (202) 331-3101
        Email: frelinghuysenc@gtlaw.com
        Email: kuhj@gtlaw.com

        *Attorneys for Defendants Samsung*
        *Electronics Co., Ltd. and Samsung*
        *Electronics America, Inc.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties have met and conferred in writing and telephonically pursuant to Local Rule CV 7-(h). The parties were unable to reach agreement.

/s/ Melissa R. Smith

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 7, 2023.

/s/ Melissa R. Smith

1