IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MYPORT, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00114-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD. and | § | |
| SAMSUNG ELECTRONICS AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court is Defendants' Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") Opposed Motion to Conduct Limited Third Party Discovery Related to License Defense After the Close of Fact Discovery (the "Motion"). (Dkt. No. 98.) Plaintiff MyPort, Inc. ("MyPort") opposes the Motion. (*See* Dkt. No. 101.) For the following reasons, the Court finds that the Motion should be **DENIED**.

### II. BACKGROUND

In the Motion, Samsung requests leave of Court to conduct third-party discovery of Motorola Mobility Inc.[1] ("MMI") and Google, Inc. ("Google") after close of fact discovery, up to and including November 2, 2023. (Dkt. No. 98 at 1.) In its reply brief, Samsung modifies its request—it requests leave up to and including October 23, 2023. (Dkt. No. 104 at 5.) The discovery Samsung seeks from MMI and Google relates to Samsung's license defense. (*See id.*; Dkt. No. 94.)

---

[1] MMI is now known as Motorola Mobility LLC. (Dkt. No. 98 at 1.)

Samsung maintains that to the extent MyPort's infringement theories rely on the use of licensed Google software within accused Samsung phones, those claims are now barred by a license Google holds to the patents-in-suit. (Dkt. No. 98 at 2.) MyPort has accused certain Samsung phones and tablets of infringement based on their incorporation of a microphone, a camera, photo management software, and the ability to tag digital images using both image recognition and speech-to-text conversion. (Dkt. No. 93 at 1.) Google supplies the Android Operating System, which runs on all accused products and, per MyPort's infringement contentions, plays a role in speech-to-text conversion. (*See id.*)

MyPort IP, Inc. ("MyPort IP"), the previous owner of the patents-in-suit, entered into a patent license agreement with MMI in 2011. (*See* Dkt. No. 98 at 2.) According to Samsung, the license provided MMI a "fully paid-up, worldwide, irrevocable, non-exclusive … perpetual right and license" to the patents-in-suit and others. (*Id.*) The license included the right to "make, have made, use, sell, offer for sale, import, export, or otherwise dispose of any product (hardware, software, or system) or service" within the scope of the license. (*Id.)* Further, the license extended to "all past, present and future customers and users of any product or service provided by or for [Motorola] or its Affiliates." (*Id.*)  The license also permitted MMI to assign the agreement without MyPort's consent to a third-party acquiror and expressly covered (1) products that MMI was offering before any acquisition and (2) the natural evolution of any such product categories. (*Id.*)

Google acquired MMI in 2011 and the license was assigned to Google in October 2014. (*Id.*; Dkt. No. 101 at 3.) Google then stepped into the shoes of MMI with respect to the license. (*Id.*)

MMI supplied Android products before Google acquired it. (*Id.*) Samsung now obtains Android software from Google. (Dkt. No. 93 at 1.) Accordingly, Samsung argues, the license

2

protects it from claims of infringement that depend on Samsung's use of the Android software, such as voice recognition. (*See* Dkt. No. 98 at 3.)

On November 11, 2022, Samsung served an interrogatory on MyPort asking it to "[i]dentify all agreements related to the Patents-in-Suit and any related patents or patent applications … including but not limited to all assignments and license agreements related to the same." (Dkt. No. 104 at 2.) On February 14, 2023, MyPort identified the MMI license in a supplemental response and produced the license. (Dkt. No. 101 at 2–3; Dkt. No. 104 at 2.) On July 17, 2023 MyPort expressly disclosed to Samsung that the MMI license had been assigned to Google. (Dkt. No. 101 at 3.) In early August 2023, Samsung issued discovery requests to MyPort related to the MMI license and its assignment to Google. (Dkt. No. 98 at 5; Dkt. No. 101 at 3.)

Samsung served Google and MMI with subpoenas on September 1 and 15, 2023, respectively. (Dkt. No. 109 at 2, 3.) Fact discovery closed on September 18, 2023. (Dkt. No. 80 at 3.) The Motion was filed on the same day. (*See* Dkt. No. 98.)

In a Notice of Supplemental Evidence filed by Samsung on October 27, 2023, Google and MMI both served their anticipated productions on Samsung on October 20 and 23, 2023. (Dkt. No. 115 at 1.) Samsung then served this discovery on MyPort on October 23, 2023. (*Id.*)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) allows a case schedule to be modified for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). There are four factors this Court considers when determining whether there is good cause to grant such relief: (1) the explanation for the failure to meet the deadline; (2) the importance of the modification of the deadline; (3) any potential prejudice from allowing the modification; and (4) the availability of a continuance to cure any such prejudice. *See Arigna Tech. Ltd. v. Volkswagen AV*, No. 2:21-CV-00054-JRG-RSP,

3

2022 WL 2761288, at *1-2 (E.D. Tex. Jan. 19, 2022). The "good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* (quoting *S&W Enters. v. South Trust Bank of Al.*, 315 F.3d 533, 546 (5th Cir. 2003). Moreover, "the 'good cause' standard focuses on the diligence of the party asking the court to modify the scheduling order." *Hereford v. Carlton*, No. 9:15-CV-26, 2016 WL 7080058, *2 (E.D. Tex. May 31, 2016) (citation omitted).

### IV.   ANALYSIS

#### A.  Diligence

Samsung argues that it has diligently pursued discovery since learning of the MMI license. (Dkt. No. 98 at 5–6.) In response, MyPort argues that Samsung was not diligent when (with knowledge that fact discovery closed on September 18, 2023) it did nothing for at least six weeks, between July 17 and September 1, 2023. (*See* Dkt. No. 101 at 2–3.) Further, MyPort argues, Samsung was aware of the license since February 14, 2023, and should reasonably have been aware that the license was assigned to Google because Google's total acquisition of Motorola was well-publicized globally. (*Id.* at 3–7.) In reply, Samsung argues that MyPort is responsible for any delay or prejudice because of its delay in disclosing the license. (Dkt. No. 104 at 2–5.) Samsung further argues that it worked diligently to obtain discovery on numerous fronts, including from MyPort in the six-week window. (*Id.* at 4.) In sur-reply, MyPort argues that none of its own conduct excuses Samsung's six-week delay. (Dkt. No. 109 at 2–4.)

The Court finds that Samsung was not sufficiently diligent. Samsung should reasonably have known to seek third-party discovery from Google and MMI on February 14, 2023, when Samsung was made aware of the license. Google's total acquisition of MMI was well-known in the industry and highly publicized globally. (*See* Dkt. No. 101 at 3–4.) If Google acquired MMI,

4

then there was a very high probability that Google would have obtained the benefit of the license. This information should have prompted any reasonable litigant, including Samsung, to seek third-party discovery of Google and MMI within a reasonable amount of time after February 14, 2023, not over six months later.

Samsung points the finger at MyPort, arguing that any of its own lack of diligence is caused by MyPort's conduct. (*See* Dkt. No. 104 at 2.) The Court is unpersuaded. MyPort produced the license over seven months before the close of fact discovery, and over six months before Samsung served any subpoenas. Implicit in Samsung's arguments is the position that it could not have reasonably been prompted to inquire about this license on February 14, 2023, when it learned that MMI (then a subsidiary of Google) held the license at issue. Such implication coming from a sophisticated technology company like Samsung is too divorced from common sense for this Court to accept.

### B. Remaining Good Cause Factors

Since the Court finds that Samsung was not diligent, it does not address the good cause factors.

### V. CONCLUSION

For the foregoing reasons, the Motion (Dkt. No. 98) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 27th day of November, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE